[Criminal No. 542.    Filed October 15, 1923.]

[218 Pac. 993.]

R. T. BROWN, Appellant, v. STATE, Respondent.

ANIMALS — CRIMINAL COMPLAINT HELD NOT TO CHARGE TRESPASS BY MOVING SHEEP ACROSS RANGE.—Under Penal Code of 1913, sections 639–642, making failure or neglect to cause sheep to travel at least three miles per day in crossing a range criminal trespass, a complaint in a justice's court alleging that defendant, on a named day and place, committed a misdemeanor, to wit: "Failure

See 3 C. J., p. 150.

to move sheep across cattle range at least three miles per day,"
without showing that defendant was in charge of the sheep either
as owner or herder is demurrable, in view of section 1309, requir-
ing particulars of time, place, person and property.

APPEAL from a judgment of the Superior Court
of the County of Yavapai. John J. Sweeney, Judge.
Reversed with directions.

Mr. F. W. Perkins, Messrs. Morrison & Morrison,
and Mr. Louis H. Bunte, for Appellant.

Mr. John W. Murphy, Attorney General, and Mr.
A. R. Lynch, Mr. Earl Anderson and Mr. E. W. Mc-
Farland, Assistant Attorneys General, for the State.

ROSS, J.—This case originated in the justice court
of Crown King precinct, Yavapai county, upon a
complaint sworn to before the justice of the peace,
in the words following:

"Personally appeared before me this 22d day of
March, 1921, F. M. Morgan, who being first duly
sworn, complains and says: That one R. T. Brown,
on or about the 15th day of March, 1921, at Crown
King precinct, county and state aforesaid, com-
mitted a misdemeanor, to wit: Failure to move sheep
across cattle range, at least three miles per day.
All of which is contrary," etc.

From a conviction in the justice court defendant
appealed to the superior court of said county, in
which court he filed his demurrer to complaint upon
several grounds, among them that the complaint is
not direct and certain as to the particular circum-
stances of the offense charged. The demurrer was
overruled, and upon a trial defendant was convicted.
He appeals, assigning the overruling of the de-
murrer as error, and raises all the constitutional
questions passed upon in the Hazas case just handed
down.

It seems to us that the demurrer should have been sustained. We realize that it was never intended or thought necessary that the pleadings in the justice court should be as formal or as technically correct as the pleadings in courts of record. The provision of the statute as to what the complaint in a criminal case shall contain, as compared with what is required to be set out in an indictment or information, is illustrative of this statement. The very organization of the court, the fact that the incumbent is generally not learned in the law, and that the litigants often appear in person to look after their cases, make it absolutely necessary that the procedure therein be more or less informal and unhampered by the rules that may with propriety be followed in courts of record.

By section 1309 of the Penal Code, it is provided that a criminal complaint in justice's court charging an offense shall set the offense forth ''with such particulars of time, place, person and property as to enable the defendant to understand distinctly the character of the offense complained of and to answer the complaint.'' This requirement is generally met by using in the complaint the statutory or equivalent language to describe the offense charged. There are exceptions to this rule, however, and this case is such.

The section of the statute under which this prosecution was begun reads as follows:

''Sheep or goats being moved across cattle ranges shall travel at least three miles each day.'' Section 641, Pen. Code.

This section, taken alone, places the duty upon the sheep to travel at the gait named, but when examined in connection with the two sections preceding it and the section immediately succeeding it, it will be seen that the duty to move sheep across the cattle range is imposed upon the person or persons

in charge of the sheep. It will also be discovered in said section that under some circumstances it is not unlawful to move sheep across a cattle range, if moved three miles or more per day, but that it is a criminal trespass to move them across a cattle range less than three miles each day.

The offense therefore has other elements than those described in section 641. To learn what all the elements of the offense are we must look to sections 639, 640, 641 and 642. From all these we learn that the gist of the offense is trespass committed by the person in charge of sheep by failing or neglecting to cause said sheep to travel at least three miles each day in crossing a cattle range.

The complaint has omitted the particulars concerning the defendant's relation to the sheep (property). It does not appear whether defendant was the owner and in charge of a band of sheep, or whether he was a herder in charge, or that in any capacity he failed or neglected to cause any sheep to travel across a cattle range at least three miles each day. Looking to the complaint, it will be seen that it does not undertake to describe the offense, but simply to give it a name. It says, in effect, that defendant on a named day and place committed a misdemeanor, to wit: "Failure to move sheep across cattle range at least three miles per day." If that is all defendant did, he did not commit a misdemeanor. The same might be said of thousands of people of this country. There is nothing in the complaint showing defendant was in charge of any sheep in Crown King precinct, or elsewhere, at the time alleged, either as owner or herder, or that he moved, or permitted to be moved, any sheep across a cattle range at any gait or at all.

Before the defendant is properly accused, the accusing paper should show, according to paragraph

642, *supra,* that he violated section 641 by failing or neglecting to cause a band of sheep in his charge, being moved across a cattle range, to travel at least three miles each day, and this the complaint does not show.

The judgment of the lower court is reversed and the cause remanded, with directions that the demurrer to the complaint be sustained.

McALISTER, C. J., and LYMAN, J., concur.